Jesus J. PATINO, Jr., Petitioner,

v.

DEPARTMENT OF JUSTICE, Respondent.

No. 00–3399.

United States Court of Appeals, Federal Circuit.

Feb. 6, 2001.

Before NEWMAN, MICHEL, and RADER, Circuit Judges.

MICHEL, Circuit Judge.

This is a federal employment case. Jesus J. Patino, Jr. appeals from the July 5, 2000 decision of the Merit Systems Protection Board ("Board") affirming the March 10, 2000 decision of the United States Department of Justice ("DOJ") to remove Patino from federal service for failure to comply with orders to take a drug test. Because we conclude that the Board's decision was supported by substantial evidence, we *affirm*.

Background

Until his removal, Patino served as a Law Enforcement Communications Specialist with the Immigration & Naturalization Service ("INS"). According to the sworn declaration of John Montoya, Chief

Patrol Agent of the Laredo Sector Border Patrol, Patino "occupied a very sensitive position" in the INS, which is "heavily involved in narcotics enforcement." On February 1, 2000, Supervisory Border Patrol Agent Michael Knowles met with Patino to discuss his recorded absence from work during the prior week. Patino asked that the meeting be conducted "off the record." As stated in Knowles' signed declaration, Knowles responded that "I couldn't do that," and that "our conversation would be confidential but would be shared if appropriate with other members of staff or the Service." Knowles' declaration states that, after Patino asked hypothetically what would happen if someone reported a drug problem, he answered that "I would have to take disciplinary action that could lead to dismissal." Knowles also declares that he advised Patino of his right to the presence of a union steward. After refusing a union representative, Patino proceeded to state that he had been using cocaine and crack cocaine for about 6 to 8 months.

The following morning, February 2, 2000, Assistant Chief Patrol Agent Raymond Navarette gave Patino a written direct order to report immediately to Mercy Diagnostic Clinic for a drug test. After making a telephone call to his lawyer, Patino refused to take the drug test, asserting that it was not necessary for him to take the test because he had already admitted to using drugs. The same day, the INS placed Patino on administrative leave.

On February 3, 2000, the INS issued Patino a notice proposing to remove him from federal service. On March 10, 2000, following receipt of Patino's February 16, 2000 response, the DOJ issued a decision removing Patino from federal employment. On April 8, 2000, Patino filed a notice of appeal to the Board. On July 5, 2000, the Board issued an initial decision on the basis of the parties' written submissions, as requested by Patino, affirming the DOJ's removal action. The administrative judge based her conclusion on her findings that: (a) the INS reasonably directed Patino to report for a drug test; (b) the order for the drug test was, on its face, a "direct order," and (c) Patino refused to take the agency-ordered drug test. The Board's decision became final on August 9, 2000.

On August 12, 2000, Patino filed his petition for review with this court.

### Discussion

We must affirm the Board's decision unless Patino establishes that it is either: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. *See* 5 U.S.C. § 7703(c); *Kewley v. Department of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir. 1998).

■ An agency may take an adverse action, such as removal, against an employee only for such cause as will promote the efficiency of the service. 5 U.S.C. § 7513(a). An employee's failure to comply with an agency's order to take a drug test is a serious offense that warrants disciplinary action to promote the efficiency of the service. *See Garrison v. Department of Justice*, 67 M.S.P.R. 154, 165 (1995). A refusal to take an agency-ordered drug test is particularly serious for employees such as Patino, who are responsible for administering federal narcotics laws. *See Friedrick v. Department of Justice*, 52 M.S.P.R. 126, 135 (1991) (holding that law enforcement officers occupy a position of trust and are held to a higher standard of conduct).

The Board noted that the February 2, 2000 direct order handed to Patino informed him that failure to report for a drug test "can result in disciplinary action up to and including termination from your position as a Law Enforcement Communications Assistant." The Board thus concluded that Patino was on notice that his refusal to take the drug test could result in his removal. The Board held that, although Patino promised in his submissions to rehabilitate himself, his failure to comply with a direct order cannot be excused.

Patino urges that the Board failed to take into account his allegation that Knowles "violated our agreement," apparently referring to his request of Knowles that their conversation remain "off the record." However, Knowles' declaration states that there never was such an agreement between Knowles and Patino, and that Knowles had informed Patino that making admissions of drug use could lead to termination. The Board's decision to credit Knowles' declaration is well within its discretionary authority. In any event, Patino failed to take an agency-ordered drug test, which is itself sufficient to justify removal.

For the foregoing reasons, we find that the Board's decision was supported by substantial evidence. Accordingly, we affirm.